Filed 7/1/22 Serrano v. Haddad CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PATRICIA SERRANO, | |
| Plaintiff and Appellant, | G059952 |
| v. | (Super. Ct. No. 30-2019-01048961) |
| NAZIH M. HADDAD, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Glenn R. Salter, Judge. Affirmed.

Patricia Serrano, in pro. per., for Plaintiff and Appellant.

Carroll, Kelly, Trotter & Franzen, David P. Pruett and Carley M. Ryckman, for Defendant and Respondent.

\*        \*        \*

## INTRODUCTION

An appellant, including one who is self-represented, bears the burden of providing an appellate record demonstrating error and adequate to allow meaningful review. Plaintiff and appellant Patricia Serrano has failed to meet this fundamental burden. Serrano appealed from a judgment entered after the trial court granted a motion for summary judgment brought by defendant Nazih M. Haddad in Serrano's medical malpractice action. However, Serrano did not designate as part of the clerk's transcript any of Haddad's motion or reply papers including, most importantly, the declaration of Haddad's expert. Because Serrano has not provided us an appellate record adequate to allow meaningful review, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Serrano did not designate her own complaint for inclusion in the clerk's transcript. For information about her claims and allegations, we rely on her case management statement, which describes the case as a "Medical Negligence" action. In an attachment to the case management statement, Serrano claims Haddad, without Serrano's knowledge or consent, injected Kenalog steroids into her breast while she was unconscious during surgery. Serrano suffered injury as a consequence. Haddad advised Serrano to see a dermatologist and allow the injury to heal on its own. A dermatologist told Serrano that as a result of too much steroid having been injected into her, she was suffering from thinning of the skin and fat loss in her breast and the damage would never heal 100 percent.

Haddad filed a motion for summary judgment and, in support, submitted a declaration from his expert, Shahram Mashhadian, M.D. The motion papers are not part of the clerk's transcript. Serrano filed opposition to the motion for summary judgment; those opposition papers are included in the clerk's transcript. Haddad filed a reply to Serrano's opposition, but the reply papers are not part of the clerk's transcript.

2

The trial court took the motion for summary judgment under submission on December 24, 2020 and five days later issued a minute order granting the motion. The court ruled as follows: "This is a medical malpractice action. In support of his motion for summary judgment, the defendant doctor submitted a declaration from his expert witness Dr. Mas[h]hadian demonstrating, among other things, that there was no causation. The plaintiff conceded she had no expert witness to rebut the expert's testimony. She argued that the doctrine of res ipsa loquitur applies thus obviating any need for an expert witness. Whether the injection of Kenalog caused the injuries complained of cannot be shown by res ipsa [loquitur]. The plaintiff's failure to provide expert testimony to rebut the defendant's expert witness is fatal."

Serrano filed a notice of appeal in February 2021, before a judgment was entered. Judgment was entered in April 2021, and we have deemed the appeal to be from that judgment.


## DISCUSSION

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) If the appellate record is inadequate to allow meaningful review, the trial court's decision should be affirmed. (*Id.* at p. 609.) "'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Ibid.*)

Serrano has failed to meet her burden of providing an adequate record. "We review orders granting summary judgment de novo" (*Caliber Paving Co., Inc. v.*

3

*Rexford Industrial Realty & Management, Inc.* (2020) 54 Cal.App.5th 175, 179), and to properly exercise our de novo review we must be able to consider all the papers submitted in support and in opposition to the summary judgment motion. (*Id*. at p. 180.) Serrano has not included, in the clerk's transcript, any of the papers and evidence submitted by Haddad in support of his summary judgment motion. Serrano has not even included her own complaint, which framed the issues for the summary judgment motion. (*Hedayati v. Interinsurance Exchange of the Automobile Club* (2021) 67 Cal.App.5th 833, 845.) The most glaring omission from the clerk's transcript is the declaration submitted by Haddad's expert, which was the basis on which Haddad argued lack of causation. At the very least, the expert's declaration would be necessary for us to consider Serrano's argument that there were triable issues of fact as to causation and res ipsa loquitur applied to her case. We quite simply have been given no record on which we can meaningfully review the order granting Haddad's motion for summary judgment.

Serrano argues her claims are not limited to medical malpractice but include a claim of lack of consent to the Kenalog steroid injections. We cannot tell whether Serrano's complaint included a cause of action (such as battery) that was based on lack of informed consent because Serrano did not designate her complaint to be included in the clerk's transcript. Her case management statement described this as a medical negligence case and the order granting the motion for summary judgment states, "This is a medical malpractice case." If Serrano did assert a claim based on lack of informed consent, an expert declaration would have been necessary nonetheless to show the Kenalog steroid injections caused her injuries.

Serrano argues Haddad had the ability to serve a notice designating additional documents to be included in the clerk's transcript. Haddad did have that ability under California Rules of Court, rule 8.122(a)(2), but he had no obligation to designate additional documents to make up for Serrano's failure to meet her burden of providing an adequate record.

4

We understand Serrano is self-represented and pursuing an appeal can be challenging even for attorneys. But "[t]he same burdens are imposed uniformly and equally on all appellants, and self-represented parties are "'held to the same restrictive procedural rules as an attorney.'"" (*Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 344-345.) "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

## DISPOSITION

The judgment is affirmed. In the interest of justice, no party is awarded costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

SANCHEZ, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.